# DEVITT SPELLMAN BARRETT, LLP
ATTORNEYS AND COUNSELLORS AT LAW
50 Route 111
Smithtown, New York 11787
Phone: (631) 724-8833
Fax: (631) 724-8010
Email: info@devittspellmanlaw.com

| | |
|---|---|
| THOMAS J. SPELLMAN, JR. | STEPHAN D. TRACE |
| WILLIAM J. BARRETT | PAUL E. HENNINGS |
| KEVIN M. SPELLMAN | KELLY E. WRIGHT |
| DIANE K. FARRELL | NICHOLAS M. BRINO |
| JELTJE deJONG | |
| FRANCIS J. TIERNEY | Counsel |
| DAVID S. PALLAI | JOHN M. DENBY |
| | DAVID H. ARNTSEN |
| Retired | |
| JOSEPH P. DEVITT | Of Counsel |
| | L. KEVIN SHERIDAN |

March 25, 2007

Honorable Arthur D. Spatt
United States District Judge
Federal Plaza
POB 9014
Central Islip, New York 11722-9014

Re:   White v. Town of Southampton
      Index No.: CV-06-0140

Dear Judge Spatt:

This firm represents the defendants in the above matter. I am submitting this letter to set forth defendants' motions in limine to preclude the plaintiff from eliciting and providing certain testimony at trial, or in the alternative requesting bifurcation of the pending trial.

Plaintiff brings this suit alleging violation of her civil rights pursuant to 42 U.S.C. 1983, 1985, and 1986. She also alleges claims of assault, battery and negligence arising under New York State Law. Plaintiff's claims arise as a result of the execution of a bench warrant at her home. She alleges wrongful search and seizure and excessive force as the result of a push. Plaintiff further alleges a Monell claim that the Town has permitted and tolerated and encouraged a pattern and practice of illegal abuses of Black persons, a cover up by the department, and a failure to discipline police officers for violative acts and brutality.

PRIOR COMPLAINTS AGAINST SGT HELMSTEADT:

Sergeant Helmsteadt, during his deposition, testified to two prior civil complaints that were brought against him, Margaret Burke v. Town of Southampton (95-CV-03324, ADS) and Gerald Shugar v. Town of Southampton (97-CV-03940, LDW). The Burke complaint alleged excessive force, false arrest and malicious prosecution. The jury found in favor of all defendants on July 8, 1997. The Shugar complaint alleged false arrest and malicious prosecution. Following a trial, the jury found in favor of all defendants on September 3, 1999.

Honorable Arthur D. Spatt          2          March 25, 2007
United States District Judge

Re:     White v. Town of Southampton
        Index No.: CV-06-0140

Plaintiff will likely intend to introduce these prior complaints at trial in support of her claim against the municipality. While evidence of alleged past misconduct against Sergeant Helmsteadt is inadmissible against him as evidence of other wrongs or acts (Fed R.Evid. 404(b)), it may be admissible to prove the municipal defendants liability regarding a practice or procedure. Evidence of past misconduct might be improperly perceived by the jury to show a propensity.

In this case, plaintiff should not be able to elicit testimony with regard to either civil action in light of the favorable findings by the respective juries. Plaintiff should also be precluded from presenting testimony regarding these complaints because the probative value would be substantially outweighed by the danger of unfair prejudice. Burke commenced her case against Helmstead in 1995, 12 years ago. Shugar brought his case 10 years ago. The Shugar case did not involve any allegation of use of force. Accordingly, the probative value is minimal. On the other hand, the possibility of unfair prejudice to Sergeant Helmsteadt who was successful in both cases, is great. Rule 403 of the Federal Rules of Evidence provides that relevant evidence "may be excluded it its probative value is substantially outweighed by the danger of unfair prejudice, …"

PLAINTIFF'S HEART ATTACK

There is no evidence whatsoever, that the plaintiff suffered a heart attack. Plaintiff cannot identify a doctor who provided such a diagnosis. In fact, plaintiff testified that she was never diagnosed. Her only testimony regarding the diagnosis of a heart attack, comes from the statement made by an unidentified nurse who allegedly told her she had to take care of herself because she had a heart attack.

Medical records do not indicate that the plaintiff had a heart attack. They indicate that she had a diagnostic procedure: catheterization of the heart with an angiogram. It is respectfully submitted that without a proper diagnosis by a doctor, plaintiff cannot testify to what she believes the diagnosis was. Defendants have not been advised of any expert witness who will testify on behalf of the plaintiff. Without a medical expert to testify, plaintiff must be precluded from arguing that the alleged push caused for her to have a heart attack. See: Barnes v. Anderson, 202 F.3d 150, 159 (2d Cir. 1999); Turner v. White, 443 F.Supp.2d 288 (E.D.N.Y. 2005).

BIFURCATION

The defendants would further request that this Court bifurcate the trial, so that the claims against the individual defendants be heard first. In the event that the jury finds individual liability, then the trial could go forward with plaintiff's Monell claim. See: Daniels v. Loizzo, MVD, 178 F.R.D.46 (S.D.N.Y. 1998). A jury finding in favor of the individual defendants would obviate the necessity of a further trial. City of LosAngeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986); West v. City of New York, 1996 WL 240161 (S.D.N.Y. 1996).

Honorable Arthur D. Spatt            3            March 25, 2007
United States District Judge

Re:     White v. Town of Southampton
        Index No.: CV-06-0140

Thank you for your courtesies.

                                                       Very truly yours,

                                                       DEVITT SPELLMAN BARRETT, LLP
                                                       /S/

                                                       Jeltje deJong(JD/4452)


CC:     Frederick K. Brewington, Esq.
        50 Clinton Street, Suite 501
        Hempstead, New York  11550